**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ESTATE OF SHAKEENA DEAN, by her administrator ad prosequendum, MUTIAH DEAN, | CIVIL ACTION NO. 12-3255 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| STATE OF NEW JERSEY, et al., |  |
| Defendants. |  |

**THE PLAINTIFF** initially brought this action in state court. When several defendants removed the action to the United States District Court for the District of New Jersey for the first time, it was assigned to Judge Pisano.  See Estate of Dean v. State of New Jersey, D.N.J. No. 12-505, dkt. entry no. 1, Rmv. Not., Ex. A, Compl.  The plaintiff filed an Amended Complaint on April 9, 2012.  See id., dkt. entry no. 14, Am. Compl.  Judge Pisano remanded the action on May 24, 2012, as the removing defendants had failed to obtain express written consent for removal from all of the defendants who had been served by the time of removal.  See id., dkt. entry nos. 23 & 24, Mem. Op. & Order.

**THE DEFENDANT** Sharmalie Perera, who is named in the caption as "John Perera" and who had not been served when the action was first removed, initiated the action's second removal on May 30, 2012.  (See dkt. entry no. 1, Rmv. Not.)  All defendants who had

been served by the time of the second removal expressly joined in that removal. (See id. at 3 (Perera's counsel consenting for certain other served defendants); id., Ex. A, Consent of served defendants connected to defendant State of New Jersey; id., Ex. B, Consent of defendant Kintock Group.) Perera's counsel failed to either note on the civil cover sheet that the action had been removed previously, or separately notify the Clerk of the Court about the previous removal. Due to that failure, the Clerk of the Court randomly assigned this action to this Judge.

**THE PLAINTIFF**, in response to a motion to dismiss by certain defendants, cross-moves to again remand the action. (See dkt. entry no. 8, Pl. Br; dkt. entry no. 15, Pl. Reply Br.) For the reasons that follow, the cross motion will be granted and the motion to dismiss will be denied without prejudice.

**THIS COURT** initially notes that a defendant may remove an action that has been previously remanded under certain circumstances. See 28 U.S.C. § 1446(b); In re Diet Drugs, 282 F.3d 220, 232 n.8 (3d Cir. 2002); Doe v. Am. Red Cross, 14 F.3d 196, 200 (3d Cir. 1993).

**BUT THIS COURT** will remand the action because the second removal was untimely. In the Notice of Removal, Perera's counsel asserts that Perera was served "sometime between May 1 and 5, 2012". (Rmv. Not. at 2.) But that assertion has been shown to be incorrect; Perera was actually served on April 29, 2012. (See

2

Pl. Reply Br., Ex. A, Affidavit Of Service.)  The time for Perera to remove thus expired on May 29, 2012, which is one day before Perera filed the Notice of Removal.  See 28 U.S.C. § 1446(b).[1]

**THE ACTION** may be removed a third time under certain circumstances.  See C.S. v. Target Corp., No. 11-244, 2011 WL 915957, at *3 (W.D. Pa. Mar. 16, 2011) (stating "mere fact that a second (or third) notice of removal is filed does not appear to be dispositive"); see also 28 U.S.C. § 1446(b).  However, if the plaintiff were to amend the claims and file a second amended complaint containing no references whatsoever to the United States Constitution or federal statutes, then a potential third removal would be barred for lack of subject-matter jurisdiction. For good cause appearing, the Court will issue an appropriate order and judgment.

                                   s/ Mary L. Cooper
                                   **MARY L. COOPER**
                                   United States District Judge

Dated:  August 10, 2012

---

[1]     This Court, when reviewing a newly-removed action, must be able to rely on the sworn statements of counsel insofar as those statements concern timeliness.  This Court will generally order parties to show cause why an action should not be remanded if the removal appears to be untimely.
        Here, Perera's counsel thwarted this Court's efforts to immediately ascertain whether removal was timely.  Perera's counsel, as Perera's representative, should have known when Perera was served.  However, Perera's counsel inaccurately asserted the range of dates on which Perera had been served to this Court. This Court urges counsel to be more diligent in the future.